913 So.2d 616 (2005)
STATE of Florida, Appellant,
v.
Ronald DEHART, Appellee.
No. 2D04-2495.
District Court of Appeal of Florida, Second District.
March 30, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Amanda Lea Colón, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellee.
CASANUEVA, Judge.
The State appeals from the trial court's order striking the Prison Releasee Reoffender (PRR) designation from the defendant's sentence for burglary of a dwelling.[1] After being sentenced under the PRR statute, Mr. Dehart filed a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), contending that the dwelling he burglarized was unoccupied and thus he could not be sentenced as a Prison Releasee Reoffender. The trial court agreed with Mr. Dehart's argument and struck the PRR designation from his sentence. Because PRR sentencing was mandatory for the offense of burglary of a dwelling  whether or not occupied  when Mr. Dehart committed this offense on March 22, 2003, we must reverse the trial court's order and remand for resentencing.
Although the original version of the Prison Releasee Reoffender Punishment Act was not applicable to burglaries of unoccupied dwellings or structures, the statute was amended effective July 1, 2001, to clarify that it encompassed all dwellings. Ch. 2001-239, § 1, at 2193, Laws of Fla. Because Mr. Dehart committed his crime after the effective date of the amendment, the State's notice that the defendant qualified for PRR sentencing was appropriate. The trial court was required to sentence Mr. Dehart in accordance with section 775.082(9)(a)(3)(c), and its later decision to strike the PRR designation was erroneous.
*617 Accordingly, we reverse and remand for a new sentencing hearing at which the defendant is entitled to be present.
ALTENBERND, C.J., and VILLANTI, J., Concur.
NOTES
[1] § 775.082(9)(a)(1)(q), Fla. Stat. (2002).